**Robert JAMES, Appellant,**

**v.**

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 11139.**

United States Court of Appeals
Fourth Circuit.

Argued May 4, 1967.

Decided Oct. 12, 1967.

Robert T. Winston, Jr., Norton, Va., for appellant.

William C. Breckinridge, Asst. U. S. Atty., for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

WINTER, Circuit Judge:

On April 13, 1960, Robert James made application for the establishment of a period of disability under § 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), and for disability insurance benefits under § 223, 42 U.S.C.A. § 423. Although the hearing examiner recommended that the application be granted, the Appeals Council, on its own motion, reviewed the decision of the hearing examiner and determined that James was not entitled to a determination of a period of disability or to disability insurance benefits. An appeal was taken to the United States District Court for the Western District of Virginia, which affirmed the decision of the Appeals Council. No further appeal to this court was taken.

At issue in those proceedings was the question of whether James was "disabled" within the meaning of the then statute, on or before December 31, 1959.[1] It was not disputed then, and it is not disputed now, that James' insured status expired December 31, 1959. The Appeals Council determined that, on or before December 31, 1959, James did not have heart disease, and that his claimed sinusitis, arthritis, gastro-intestinal problems (including an ulcer), pulmonary difficulties, psychoneurosis, and loss of vision were not sufficiently severe to render him unable to engage in any substantial gainful activity. The Appeals Council also found that James' ulcer could be remedied by surgery, and that there were no medical contraindications to ulcer surgery.

On June 22, 1965, James filed another claim for a determination of disability and disability benefits, alleging "blindness, emphysema, fibrosis of both lungs, chronic bronchitis, bronchial asthma, duodenal ulcer, arthritis and nervous disorder," in short, the same complaints that had been litigated in the earlier proceeding and decided adversely to him. After initial denial of his application, James requested a hearing and, apparently acting in accordance with 20 C.F.R. § 404.957,[2] the Secretary granted a reopening of the case to determine whether James was under a disability as defined in the Social Security Act, either before or after the 1965 amendment. The matter was heard by a trial examiner, who ruled that, in view of the modification of the law by Public Law 89–97, 79 Stat. 286, which amended the statutory definitions of "disability," [3] the only issue before him was one of the duration of James' disability. The trial examiner, whose decision became that of the Secretary, reviewed the evidence adduced at the prior hearing and three additional medical records —the first, a doctor's report, dated December 14, 1965, setting forth the results of eye examinations made in 1960, 1961, 1962 and 1965; the second, another doctor's report, dated June 17, 1962, setting forth the results of eye examinations made in 1962, as well as referring to James' ulcer and certain allergic conditions; and the third, a hospital report, dated May 25, 1964, consisting of a discharge summary which reflected a severe generalized urticaria (allergic skin reaction), verified duodenal ulcer, retinopathy in the left eye and absence of the right eye. The trial examiner concluded that James was insured under the Act only until December 31, 1959, that the decision of the Appeals Council, issued April 22, 1963, was *res judicata* as to the severity of James' impairments through July 13, 1960, that James had not, prior to December 31, 1959, been disabled from engaging in substantial gainful employ-

---

1. Sections 216(i) and 223(c) (2), as they existed prior to 1965, defined "disability" to mean "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment *which can be expected to result in death or to be of long-continued and indefinite duration.*" (emphasis supplied) 42 U.S.C.A. §§ 416(i) and 423 (c) (2). The 1965 amendment substituted the phrase "which has lasted or can be expected to last for a continuous period of not less than 12 months," for the italicized phrase in the previous sections.

2. So far as pertinent, the regulation provides:
   " * * * a decision * * * of the Appeals Council which is otherwise final * * * may be reopened;
   * * * * *

   (b) After such 12-month period [12 months from notice of initial determination], but within 4 years after the date of notice of the initial determination * * * to the party to such determination, upon a finding of good cause for reopening such determination or decision * * *."

   Again, so far as pertinent, "good cause" is stated in 20 C.F.R. § 404.958 to exist where:

   "(a) New and material evidence is furnished after notice to the party to the initial determination;
   * * * * *

   (c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based."

3. See, ft. 1, supra.

ment by reason of a medically determinable physical or mental impairment which could be expected to result in death or to be of long-continued and indefinite duration, or to last for a continuous period of not less than twelve months, and that James was not entitled to disability insurance benefits or a period of disability under the provisions of the Act.

A second appeal to the United States District Court for the Western District of Virginia was taken. The district judge affirmed the Secretary's decision, on the grounds that the 1965 amendment to the Social Security Act did not relate to the definition of what was a disability, but only to the period of time that a disability, if established, must be likely to endure before a claimant is entitled to benefits, that James was found not to be disabled in the earlier proceeding, and there was no evidence in the second proceeding that James' condition was any worse prior to December 31, 1959 than had been earlier shown, and that the earlier decision of the district court was *res judicata* of the present proceeding. James now appeals from the district judge's second affirmance of the denial of benefits. We affirm the judgment of the district court.

 In Carter v. Celebrezze, 367 F.2d 382 (4 Cir. 1966), we had occasion to point out " * * * that the 1965 amendments have not altered the requirement that a claimant must establish that he has become 'disabled' *prior to the expiration of his insured status.*" Id., p. 384. Implicit in that decision, and in Brown v. Celebrezze, 367 F.2d 455 (4 Cir. 1966), is tne holding that the 1965 amendments only altered the period of time that a disability, if established, must be likely to endure before the plaintiff was entitled to benefits; but that they did not change the required severity of the physical or mental impairments constituting "disability," as distinguished from their duration.

Our examination of the record of the proceedings instituted by James in 1960 satisfies us that the question of

what physical or mental impairments were suffered by James prior to December 31, 1959 and whether they were sufficiently severe to constitute "disability" was fully litigated, and that, in 1965, his claim for a determination of disability and disability benefits was the same as his 1960 claim. Ordinarily, a final determination by the Secretary that the physical and mental impairments claimed in 1960 were not sufficiently severe to constitute "disability" was, as the trial examiner and the district judge both decided, *res judicata* of the 1965 claim. Hobby v. Hodges, 215 F.2d 754 (10 Cir. 1954); Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962), aff'd sub nom., Phillip v. Celebrezze, 319 F.2d 530 (3 Cir. 1963); Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966). Certainly, the district judge's affirmance of the Secretary's denial of the 1960 claim was *res judicata* of a reapplication in 1965 based upon facts and matters theretofore litigated.

Accordingly, the judgment of the district court is

Affirmed.