**Claud E. EVERETT, Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Appellee.**

**No. 13142.**

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs May 7, 1969.

Decided June 2, 1969.

John Bolt Culbertson, Greenville, S. C., on the brief for appellant.

Klyde Robinson, U. S. Atty., and Robert G. Clawson, Jr., Asst. U. S. Atty., on the brief for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The District Court granted the Secretary's motion for summary judgment in an action by Claud E. Everett under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain

judicial review of a final decision of the Secretary refusing Everett's application for a period of disability and for disability insurance benefits. Everett appeals and we affirm.

It is undisputed that December 31, 1961 was the last day on which Everett met the special earnings requirements. Since his insured status expired as of that day, he must establish that he was disabled on or before that date to qualify for benefits under the Act. James v. Gardner, 384 F.2d 784 (4 Cir. 1967). His condition after December 31, 1961 is not in issue.

Everett has twice filed applications to establish a period of disability. The application in this case, filed May 29, 1967, was preceded by an application of November 21, 1960 which was denied by the Secretary after all appellate steps within the Department had been exhausted. Judicial review of the Secretary's adverse ruling on the 1960 application was not sought. On the 1960 application, the hearing examiner found, and the Appeals Council agreed, that Everett had not been disabled at any time during the effective period of that application, which under pre-1965 law extended to February 7, 1961 for establishment of disability insurance benefits and to February 21, 1961 for the establishment of a period of disability. The 1967 application covers the additional period between February 1961 and December 31, 1961.

A back injury is alleged as the basis for the claimed disability in the second application and was also a basis for the claim in the first.[1] Although two new medical reports were offered at the hearing on the second application, the evidence offered is the same on both applications as to the back injury. Neither of these new reports has any probative value since neither relates to the claimant's condition on or before December 31, 1961—the date his insured status expired.

The hearing examiner ruled that the previous adverse decision on the 1960 application was res judicata on all issues relating to the effective period of that application and that no evidence was introduced at the hearing on the 1967 application which related to the period between the end of the effective period of the 1960 application (February 1961) and December 31, 1961. Everett's request for review was denied by the Appeals Council.

The District Court upheld the hearing examiner for the reasons the latter stated for his decision. The Court also considered the effect of the change in the definition of "disability" during the intervening period between applications. The 1965 amendments to the Act liberalized the requirements for receipt of benefits by providing that a disability need only last or be expected to last for more than 12 months, rather than that it "be expected to result in death or to be a long-continued and indefinite duration" as under the old law. 42 U.S.C. §§ 416(i) (1) and 423(d) (1) (A). The Court held that this change did not come into play.

"Disability" under the Act has two elements: (1) "[an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," (2) "[which] has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i) (1) and 423(d) (1) (A). The 1965 amendment did not affect the first element of "disability". James v. Gardner, 384 F.2d 784 (4 Cir. 1967); Carter v. Celebrezze, 367 F.2d 382 (4 Cir. 1966). Here the claimant failed to establish that he had been unable to engage in substantial gainful activity at any time before December 31, 1961. Therefore, we need never search the

---

1. An additional ground in his first application was an alleged syphilitic condition. The hearing examiner found that it never amounted to a disability. Everett does not rely upon that ground here.

question of the effect of the 1965 amendment.

 The decision of the Secretary may not be set aside if it rests upon substantial evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4 Cir. 1966). From our review of the evidence adduced at both hearings, we conclude that there was ample support for the findings after both hearings that Everett had not been disabled as he claims. Because we dispose of the appeal on the merits, we have no occasion to consider the issue of res judicata.

Affirmed.