**Leve F. SLIGER, Petitioner,**

**v.**

**Robert H. FINCH, Secretary, Health, Education & Welfare, Defendant.**

**No. 69–C–139–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.
June 22, 1970.

Robert T. Winston, Norton, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

Pursuant to 42 U.S.C.A. § 405(g), the claimant-plaintiff, Leve F. Sliger, has requested this court to review the final decision of the Secretary of Health, Education and Welfare, which was announced on October 30, 1969. The final decision issued by the Appeals Council was adverse to claimant's request for disability insurance benefits and the establishment of a period of disability as provided for by § 223 and § 216(i) of the Social Security Act, 42 U.S.C.A. § 423 and § 416(i), as amended. This application was filed on the 9th of June, 1964.

Two years earlier, the claimant made a similar application on the 19th of September, 1962. This particular application was denied initially, as well as on reconsideration. By letter dated June 24, 1963, the review committee stated as follows:

* * * [A]fter thoroughly reviewing the record in your case, including the additional medical evidence, and considering your statements, age, education, training, and experience, we find that the previous determination is proper under the law. The denial of your application for disability insurance benefits therefore remains unchanged.

On December 11, 1963, a hearing examiner heard the claimant's views, but

shortly thereafter, on December 31, 1963, affirmed the previous denial. Claimant Sliger requested a review of the hearing examiner's action on January 3, 1964, but was denied same by letter dated May 20, 1964, from the Appeals Council. The claimant did not pursue his possible appeal rights to this court, as provided for by Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g); and thus having failed to do so, rendered the hearing examiner's decision of December 31, 1963, as the final decision of the Secretary in that application.

At issue in the 1962 application was whether Sliger was disabled within the meaning of the then existing statute, on or before March 31, 1952, the date that the claimant last met the special earnings requirements. It is quite clear from the available records in this case that the date upon which claimant's insured status expired was March 31, 1952. In essence this means that it is incumbent upon the claimant to show that his disability was incurred on, or prior to, said date of March 31, 1952, so as to be entitled to the benefits he is seeking to recover. [Of course, this presupposes that all the other disability requirements are met.] As previously pointed out, the Appeals Council re-affirmed the written opinion of the hearing examiner that the claimant was not under a "disability" at any time prior to or on March 31, 1952.

Although having failed in his first attempt, the claimant again has sought relief by filing a second application on June 9, 1964. On September 28, 1967, the hearing examiner dismissed claimant's request for a hearing inasmuch as said request was not filed in the prescribed six-month period. The Appeals Council denied a subsequent request for a review of the hearing examiner's dismissal, but returned the claim to the Bureau of Disability Insurance for an initial determination of the application. Upon consideration of the second application, the claimant was initially disal-

lowed, relief. This ruling was re-affirmed on the 3rd of January, 1969. Subsequent to these rulings however, Sliger requested a hearing and was granted same on the 16th of September, 1969. At this hearing the claimant, along with his wife, testified in support of his second application. The hearing examiner, in a written opinion dated October 14, 1969, concluded that the claimant had not met the burden of proof required in cases of this nature. The examiner stated as follows:

* * * [V]iewing the evidence in its most favorable light, the most that can be said for claimant's allegations is that even if he had sustained injuries severe enough to cause him to be disabled on or prior to the critical date (March 31, 1952), it is apparent from his own testimony and medical evidence submitted that he ontinued to perform substantial gainful activity both before and well after the special earnings requirements were last met. (Words added)

In addition, the hearing examiner found that subsequent amendments to the Social Security Act would not contradict previous rulings on the disability question. Finally, the examiner, being without sufficient "good cause" to reopen and revise its prior decision in claimant's first application, concluded that said prior decision serves as *res judicata* relative to claimant's rights under the Social Security Act.

■ At the outset, and in accordance with applicable case law, this court does consider the issues raised herein (that is, as concerns matters involving the pre-1965 amendments to the Act) as *res judicata*. James v. Gardner, 384 F.2d 784 (4th Cir. 1967); also see, Hobby v. Hodges, 10 Cir., 215 F.2d 754 (1954); Saxon v. Celebrezze, D.C., 241 F.Supp. 152 (1965); Phillip v. Ribicoff, D.C., 211 F.Supp. 510, aff'd per curiam, Phillip v. Celebrezze, 3 Cir., 319 F.2d 530.

The procedural situation in *James* is similar to the case presently before this

court. In that case the Fourth Circuit said that:

* * * [O]rdinarily, a final determination by the Secretary that the physical and mental impairments claimed in 1960 were not sufficiently severe to constitute "disability" was, as the trial examiner and the district judge both decided, res judicata of the 1965 claim. * * *

Certainly, the district court judge's affirmance of the Secretary's denial of the 1960 claim was res judicata of a re-application in 1963 based upon facts and matters theretofore litigated. Id. 384 F.2d at 786.

Although claimant had not sought judicial review of the Secretary's decision which denied his first application, this court still considers the Secretary's decision *res judicata* "upon facts and matters theretofore litigated". In Casey v. Cohen, 295 F.Supp. 561, 564 (W.D.Va. 1968) this court said:

* * * [N]or do we doubt that the rule of res judicata has some application to decisions of the Secretary of Health, Education and Welfare. Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), permits judicial review of a decision of the Secretary only if commenced within sixty days after notice of the decision is mailed to the claimant. Unless the claimant pursues this remedy, 42 U.S.C.A. § 405(h) would apparently preclude recourse to the courts.

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decisions of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

As previously stated, this court considers that the Secretary's decision on claimant's first application conclusive of those issues raised in claimant's second application now under review by this court. The only question to be decided herein

stems from claimant's second application, and whether recent amendments to the Social Security Act provide a basis upon which recovery can be based.

■ Prior to any such determination of the foregoing question, it is important to note the nature of this court's review of claimant's allegations in his second application. Since our key inquiry primarily centers on the medical evidence that has been submitted heretofore, it is necessary to consider the scope of our review of said medical reports. In making the inquiry, our function is only one to determine whether the Secretary's final decision is supported by "substantial evidence". As stated by the Fourth Circuit in Laws v. Celebrezze, 368 F.2d 640, 642 (1966),

* * * [I]f there is substantial evidence to support the Secretary's decision then our inquiry must terminate. It is not within the province of this court to determine the weight of the evidence; nor is it our function to substitute our judgment for that of the Secretary if his decision is supported by substantial evidence. Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir. 1962).

■ The claimant has the burden of establishing the "disability", and in order to establish said "disability" it is incumbent upon the person so claiming, to show "medically determinable physical or mental impairment", as provided for by the recent amendments to the Social Security Act. As pointed out in Lewis v. Gardner, 396 F.2d 436 (6th Cir. 1968), this "disability" status must not only be established by the claimant, but it must be shown that it existed prior to the expiration of his insured status date, namely March 31, 1952.

As defined by Section 223 of the Act, prior to 1965, the term "disability" meant an

* * * inability to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.

As amended in 1965, Section 423(d)(1), the term "disability" means the

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or *which has lasted or can be expected to last for a continuous period of not less than 12 months*. (Emphasis Added )

In conjunction with the foregoing, the Act further provides in this Section that:

(2) (A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * *

In supplementing the foregoing, the Fourth Circuit explained in *James* that:

* * * the 1965 amendments have not altered the requirement that a claim must establish that he has become 'disabled' prior to the expiration of his insured status. *Id.* at 384. Implicit in that decision, Carter v. Celebrezze, 367 F.2d 382 (4th Cir. 1966), and in Brown v. Celebrezze, 367 F.2d 455 (4th Cir. 1966), is the holding that the 1965 amendments only altered the period of time that a disability, if established, must be likely to endure before the plaintiff was entitled to benefits; but that they did not change the required severity of the physical or mental impairments constituting "disability" as distin-

quished from their duration. *Id.* at 786.

In the application presently before this court, the facts and issues have not changed materially since the denial of claimant's first application. The pertinent facts, including post-1964 medical reports, relative to claimant's case are as follows: The claimant, a resident of Big Stone Gap, Virginia, was born on the 2nd of April, 1905, (according to Social Security Administration records) thereby being 65 years of age. Mr. Sliger states that he has an eighth grade education and is married with seven grown children. Although both claimant and his wife receive Social Security payments, their combined total appears to be no more than about $60.00 per month. Additional sources of financial assistance have either been cut off or will be terminated in the near future.

The claimant contends that he has had a history of back ailments stemming from a 1927 mine accident. Other complications with his kidneys, as well as arthritis problems, have allegedly plagued the physical condition of the claimant for years. Recently, a hernia problem has developed. From the 1927 mine accident forward, the claimant contends that he has continued to work, but often times he would need long periods of time to recuperate from his ailing back condition. Another similar mine accident in 1951 only further complicated his alleged deteriorating back condition. During the latter years of employment, claimant found himself in supervisory capacities in the mine operations up until around 1956.

As stated before, the claimant has the burden of establishing the disability. To medically determine his impairments, claimant herein relies on medical records dated no earlier than November 12, 1955, that is, approximately three years and eight months after the claimant last met the earnings requirement of the Act. Although several medical reports indicate that the claimant had suffered injury as a result of the mining accidents, none

of the reports available to this court have established that the claimant, before or on March 31, 1952, was so impaired (physically or mentally) so as to render claimant unable to engage in any gainful employment. Rather, the record shows that the claimant worked not only in supervisory positions at the mine after March 31, 1952, but he performed in several part-time positions as a mechanic, carpenter and service-station attendant, up until 1956. As pointed out in defendant's brief, the courts have viewed impairments, which became disabling *after* the special earnings test was last met, as an insufficient basis upon which a positive finding of disability could be concluded. Taylor v. Ribicoff, 204 F. Supp. 144 (S.D.W.Va.1962).

There is no question that the claimant's disability, that is, a disability as measured by the latest provisions of the Social Security Act, occurred, if such a disability exists at all, after the critical date of March 31, 1952. Further, there is substantial evidence that the claimant was not suffering a disability, to such a degree of severity, that it precluded claimant from engaging in "any other kind of substantial gainful work which exists in the national economy". Claimant's own testimony on September 16, 1969, supports the foregoing statement.

This court has no other alternative than to conclude that the Secretary's decision must stand. This conclusion is reinforced by the fact that the Secretary's decision only needs to be supported by "substantial" evidence, which is something less than a preponderance. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).

Therefore, the defendant's motion for summary judgment affirming the decision of the Secretary of Health, Education and Welfare is hereby granted.

The clerk is directed to send certified copies of this opinion and judgment to counsel of record.