**Charles S. FUGATE, Petitioner,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–C–112–A.**

United States District Court, W. D. Virginia, Abingdon Division.

July 1, 1971.

Joseph P. Johnson, Jr., Abingdon, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

### OPINION and JUDGMENT

DALTON, Chief Judge.

This Court has jurisdiction of this Social Security disability claim pursuant to 42 U.S.C. § 405(g). The claimant, Charles S. Fugate, was born October 14, 1910 (age 60), and is single. His work experience has been factory work and truck driving. He last met the earnings requirements as of June 30, 1961.

This instant application was filed September 15, 1968. The claimant has previously filed two other applications, the first dated February 23, 1966 and the claim was denied by letter dated May 24, 1966. The second claim was filed June 5, 1967, a hearing was scheduled February 15, 1968, at which the claimant did not appear, and his claim was subsequently dismissed. The claimant did not further appeal these two applications.

The Court is without any authority to do otherwise than grant the defendant's motion for summary judgment based on the doctrine of administrative *res judicata*. Since the last date the claimant meets the earnings requirements is June 30, 1961, the claimant must establish that he became disabled prior to the expiration of his insured status. Carter v. Celebrezze, 367 F.2d 382 (4 Cir. 1966). The claimant has, therefore, had two applications denied after the expiration of his insured status. The Court grants the defendant's motion for summary judgment based upon the authority of James v. Gardner, 384 F.2d 784 (4 Cir. 1967); Grose v. Cohen, 406 F.2d 823 (4 Cir. 1969); Easley v. Finch, 431 F.2d 1351 (4 Cir. 1970); Hughes v. Finch, 432 F.2d 93 (4 Cir. 1970); Leviner v. Richardson, 443 F.2d 1338 (4 Cir. 6–8–71). See also, Lyall v. Cohen, 297 F.

**1240**

Supp. 606 (W.D.Va.1969); Farmer v. Finch, 314 F.Supp. 661 (W.D.Va.1970).

 Even if the merits of disability is reached, the Secretary's decision is supported by substantial evidence. The only medical evidence prior to June 30, 1961, the date the claimant last meets the earnings requirements, is a report of the Veteran's Hospital dated November 18, 1959. This report, Page 112, of the Transcript, does not indicate serious impairments. Disability arising after the date the claimant last meets the earnings requirements cannot be the basis for a favorable finding of disability. (Carter v. Celebrezze, *supra*; Taylor v. Ribicoff, 204 F.Supp. 144 (S.D.W.Va.1962).