Sallie W. HOLDEN, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 70-352.

United States District Court,
D. South Carolina,
Anderson Division.

Aug. 12, 1971.

John Bolt Culbertson, Greenville, S. C., for plaintiff.

John K. Grisso, U. S. Atty., Columbia, S. C., and Oscar W. Bannister, Jr., Asst. U. S. Atty., Greenville, S. C., for defendant.

ORDER

DONALD RUSSELL, Circuit Judge (Sitting by Designation).

This case is before me upon motion of the plaintiff to require the defendant to furnish her with a copy of the administrative record in the above case and that the case be remanded to the Secretary "for the taking of testimony so that the plaintiff can be given an opportunity to be heard".

Defendant had previously filed a motion to dismiss plaintiff's complaint on the grounds that the court lacks jurisdiction over the subject matter and that plaintiff fails to state a claim upon which relief can be granted.

On February 7, 1966, plaintiff filed an application for a period of disability and disability insurance benefits. This application was denied initially holding that plaintiff was not under a disability as of March 31, 1957, the date she last met the special earnings requirements of the Act for disability purposes. The plaintiff requested reconsideration and on June 16, 1966, the initial denial was affirmed. Plaintiff did not pursue this application further.

On August 19, 1969, plaintiff filed a second application for a period of disability and disability insurance benefits. This application was denied initially and the plaintiff requested reconsideration. On February 5, 1970, the initial determination was affirmed. At this stage plaintiff employed counsel. On February 16, 1970, the plaintiff requested a hearing and on February 25, 1970, a hearing examiner issued an order dismissing plaintiff's request for hearing on the ground of *res judicata*.

On March 2, 1970, plaintiff requested the Appeals Council to review the hearing examiner's action. By letter dated March 18, 1970, plaintiff was advised by the Appeals Council that the "dismissal

action of the hearing examiner is correct" and the "determination dated June 16, 1966, stands as the final determination of this Department".

On April 23, 1970, plaintiff filed this action asking that the Court "review the dismissal action of the Hearing Examiner and establish for this plaintiff a period of disability and disability insurance benefits in accordance with the law and the evidence".

I shall first consider the motion of the defendant to dismiss. This motion should be granted.

Plaintiff's first application, filed some nine years after her special earnings requirements had expired, alleged that she became unable to work in July, 1953, at age 29, because of arthritis. This application was denied. She filed a second application about three years later but submitted no new and material evidence. This application was denied. At this point she engaged the services of an attorney and a hearing was requested. The hearing examiner filed his order holding that "The prior denial action is *res judicata* as to all issues now before this Hearing Examiner. There is no basis for reopening and revising the prior denial action which remains in effect, and the request for a hearing filed on February 16, 1970, is dismissed." [1]

It has recently been held by the Fourth Circuit Court of Appeals that " * * * where the claimant failed to exercise his right * * * to a hearing, the denial was nevertheless *res judicata* of a subsequent application for the same benefits on the same grounds." Leviner v. Richardson (4th Cir. 1971) 443 F.2d 1338. See also, Domozik v. Cohen (3rd Cir. 1969) 413 F.2d 5; Salyers v. Celebrezze (W.D.Va.1962) 214

F.Supp. 834; Lyall v. Cohen (W.D.Va. 1969) 297 F.Supp. 606; Farmer v. Finch (W.D.Va.1970) 314 F.Supp. 661.

I must therefore conclude that this Court lacks jurisdiction over the subject matter and that plaintiff has failed to state a claim upon which relief can be granted. The motion of the defendant to dismiss is granted.

And it is so ordered.

Having held that the Court has no jurisdiction, I do not reach the motions of the plaintiff.

---

1.  20 C.F.R. Sec. 404.937, reads as follows:
    The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:
    (a) *Res Judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision.