**Charles H. ABSHER, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. C–168–W–73.**

United States District Court,
M. D. North Carolina,
Wilkesboro Division.

Jan. 21, 1974.

John E. Hall, North Wilkesboro, N. C., for plaintiff.

Benjamin H. White, Jr., Asst. U. S. Atty., Greensboro, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, Chief Judge.

This is an action brought by plaintiff for judicial review of the dismissal by the defendant of his claim for benefits under Title II of the Social Security Act (hereinafter referred to as the Act). As hereinafter explained, the plaintiff's current application for social security benefits was dismissed on the grounds of *res judicata*. Therefore, defendant contends, with respect to plaintiff's claim for such benefits there has been no "final decision" of the Secretary as required by Section 205(g) of the Act, 42 U.S.C. § 405(g), for judicial review. Consequently, this Court is without jurisdiction over the subject matter of the action and the action should be dismissed. Fed.R.Civ.P. 12(b)(1). Plaintiff asks that this Court exercise its discretion and remand the case for further consideration.

The affidavit of the Appeals Council, Social Security Administration of the Department of Health, Education, and Welfare, in the official file, sets forth the pertinent facts in this matter which are, briefly, as follows:

The plaintiff who last met the insured status requirements on March 31, 1964, filed his first application for a period of disability and disability insurance benefits on July 1, 1964. This application was denied by a notice of initial determination dated October 9, 1964. The plaintiff did not request any further administrative action.

The plaintiff filed a second application for a period of disability and disability insurance benefits on April 22, 1968. This application was denied by a notice of initial determination dated June 24, 1968. The plaintiff did not request any further administrative action.

The plaintiff filed a third application for a period of disability and disability insurance benefits on May 5, 1969. This application was denied by initial and reconsidered determinations. The plaintiff subsequently filed a request for a hearing on May 5, 1970. On June 5, 1970, the administrative law judge, noting that the plaintiff last met the special insured status requirements of the Social Security Act on March 31, 1964, issued an order dismissing the request for hearing on the basis that the issues involved were barred by *res judicata*. The plaintiff did not request any further administrative action.

On June 22, 1972, the plaintiff filed a fourth application for a period of disability and disability insurance benefits. Following the initial and reconsidered denial determinations the claimant filed a request for a hearing on December 12, 1972. On February 28, 1973, the administrative law judge issued an order dismissing the request for hearing on the basis that all issues were barred by *res judicata*. The plaintiff subsequently requested the Appeals Council to review the administrative law judge's action. By letter dated April 27, 1973, the Appeals Council notified the plaintiff that the dismissal action of the administrative law judge was correct and that the determination of June 24, 1968, stood as the final administrative action.

On May 31, 1973, plaintiff commenced the present civil action.

Provision for judicial review of "final decisions" of the Secretary after hearings on claims arising under Title II of the Social Security Act is made in, and expressly limited by, sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). Section 205(g) reads in pertinent part as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . . As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, . . . "

Section 205(h) reads in pertinent part as follows:

" . . . No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . . "

The only judicial remedy available to an individual under Title II of the Act is by a civil action brought against the Secretary of Health, Education, and Welfare under Section 205(g) and such an action can be brought only in a case

in which (1) the individual was a party to a hearing before the Secretary, (2) the Secretary has made a final decision on the claim for benefits filed by plaintiff, and (3) the plaintiff commences a timely civil action in the district court for the judicial district in which he resides.

An individual who files a claim under Title II is first given an initial determination. 20 C.F.R. 404.905. He may pursue his administrative remedies following that determination by requesting a reconsideration determination, 20 C.F.R. 404.910, then following reconsideration, by requesting review by an administrative law judge, 20 C.F.R. 404.917, and finally review by the Appeals Council, 20 C.F.R. 404.945. The initial determination is conclusive upon the parties to such determination unless it is reconsidered. 20 C.F.R. 404.908. The reconsideration determination is conclusive upon the parties to such determination unless a hearing is requested. 20 C.F.R. 404.916. The administrative law judge's decision is conclusive upon the parties to the hearing unless reviewed by the Appeals Council. 20 C.F.R. 404.940. The action of the Appeals Council is conclusive upon the parties unless a civil action is filed in a district court of the United States under the provision of section 205(g) of the Act, 42 U.S.C. § 405(g). 20 C.F.R. 404.951. A "final decision" of the Secretary subject to judicial review within the meaning of Section 205(g) of the Act exists only after the Appeals Council renders a decision upon review of an administrative law judge's decision or denies such review. 20 C.F.R. 404.940 and 404.951.

█ Plaintiff in this case failed to request reconsideration of the initial determination of his first and second applications within the six months allowed for such review as required by 20 C.F.R. 404.911. By thus acquiescing in this determination it became binding upon all of the issues adjudicated therein under 20 C.F.R. 404.908. Adjudication of this application established that he was not under a "disability" as defined in Sec-

tions 216(i) and 223 of the Social Security Act which began while he was specially insured. Because the administrative decision with respect to the plaintiff's second application clearly considered the entire period during which a period of disability could have been established for the plaintiff, the current application was dismissed by the Secretary on the ground of *res judicata*. The decision on plaintiff's earlier application stands as the final determination. Because the subsequent application embraces the same facts and issues and covers the same period of time as the prior application already adjudicated, the dismissal action by the Secretary was correct. 20 C.F.R. 404.937(a).

█ It has now been resolved in this Circuit that the doctrine of *res judicata* applies even though there has been no administrative hearing. Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971); see also Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972); Gaston v. Richardson, 451 F.2d 461 (6th Cir. 1971); Holden v. Richardson, 331 F.Supp. 364 (D.C.S.C.1971); Fugate v. Richardson, 329 F.Supp. 1239 (N.D.Va. 1971). When the doctrine is applicable, as in this case where subsequent applications for disability benefits contain no factual allegations which were not earlier presented, the administrative law judge acts properly in dismissing the action on this basis. The sole justification for seeking relief in this case is that the plaintiff was not represented by counsel in the earlier proceedings. An applicant for disability benefits is not entitled as of right to the assistance of counsel, nor has there been any showing that the plaintiff was prejudiced by lack of counsel. Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970); see also Mills v. Richardson, 339 F.Supp. 402 (W.D.Pa.1972). Therefore, the administrative law judge and the Appeals Council acted correctly in this case. It follows that since *res judicata* principles were properly applied and no hearing was held, there has been no final decision within the meaning of Section 205(g) of the Act, 42 U.S.C. §

405(g), and therefore there is no jurisdictional basis for judicial review. Mills v. Richardson, *supra*; Rushing v. Finch, 310 F.Supp. 848 (W.D.La.1970); see also Bellamy v. Dept. of H. E. W., 345 F.Supp. 1231 (N.D.Ill.1972).

There is authority to the effect that a decision not to reopen an administrative decision for good cause shown, as authorized by 20 C.F.R. 404.957 and 404.958, is reviewable under the provisions of the Administrative Procedure Act, although not so under the Social Security Act. E.g., Eastman v. Richardson, 475 F.2d 472 (6th Cir. 1973); Maddox v. Richardson, *supra*; Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Burge v. Richardson, 321 F.Supp. 646 (N.D.Ga. 1971). The Fourth Circuit has not yet considered this issue, nor is this issue presently in this case. See Leviner v. Richardson, *supra*, at 1343 of 443 F.2d. Other courts have extended this doctrine to apply to the situation presented in this instant case, i.e., the administrative law judge (and, on review, the Appeals Council) denies relief on the basis of *res judicata*. E.g., Cancel v. Sec. of H. E. W., 355 F.Supp. 835 (D.C.P.R.1973); Winter v. Finch, 318 F.Supp. 602 (S.D.N.Y.1970). An intermediate position has been taken wherein the administrative law judge is required, when considering a dismissal on *res judicata* grounds, to consider whether the case is a proper one for reopening and include findings on this issue. Lopez v. Secretary of Health, Education and Welfare, 342 F.Supp. 778 (D.C.P.R.1972).

Without deciding whether review of the decision dismissing the claim in this case is warranted or required under the Administrative Procedure Act, it is clear that there has been no abuse of discretion. The sole basis set forth in the complaint for granting relief is that plaintiff was not represented by counsel in earlier proceedings. On four occasions plaintiff's request for disability benefits has been denied. In each application, the plaintiff set forth the reasons he was entitled to be adjudged disabled and receive benefits. Despite a denial of this status on all four occasions, plaintiff never requested a hearing. To now allow the plaintiff to secure a hearing which he chose not to pursue on four prior occasions when there is no suggestion that new and relevant evidence has come to light, would seriously and unduly undermine principles of finality embodied in the *res judicata* doctrine.

For the above stated reasons, it is concluded that defendant's motion to dismiss, made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be granted. Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6), is not considered in this opinion. To resolve the issues raised pursuant to this latter motion would necessitate the consideration of matters outside the pleadings and therefore convert the motion to a motion for summary judgment. Because of the decision on the Rule 12(b)(1) motion, this is not required.

Accordingly, a judgment will be entered.