Staunton C. **STONESTREET**, Appellant,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE**, Appellee.

No. 73–1898.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 6, 1973.

Decided March 20, 1974.

Robert N. Bland for appellant.

Ray L. Hampton, II, Asst. U. S. Atty.
(John A. Field, III, U. S. Atty., on
brief) for appellee.

Before BRYAN, Senior Circuit Judge,
and WINTER and WIDENER, Circuit
Judges.

WIDENER, Circuit Judge:

This is an appeal from an action un-
der § 205(g) of the Social Security Act,
42 U.S.C. § 405(g), to review a final de-
cision of the Secretary of Health, Edu-
cation and Welfare (Secretary) which
denied Stonestreet's application for dis-
ability benefits. The district court
granted the Secretary's motion for sum-
mary judgment.

This is Stonestreet's fourth applica-
tion for disability benefits under §
216(i) and § 223 of the Act, 42 U.S.C. §
416(i) and § 423. His application con-
tains substantially the same allegations
as the other three, which were denied
and the denials affirmed by the Appeals
Council. Denial of the third application
was also affirmed by the district court
(S.D.W.Va.) in May of 1965. In all
four of his applications, Stonestreet al-
leges that he became unable to work in
September, 1953, because of a back inju-
ry incurred in an automobile accident.
In his current application, he also al-
leges that two doctors thought he had
heart trouble.

The hearing examiner concluded that
the doctrine of administrative *res judi-
cata* did not apply to Stonestreet's
present application because of the
change of standard for impairment

wrought by the 1965 amendments to the Act. He then considered Stonestreet's new evidence, found that it was cumulative, and denied his application. The district court concluded that administrative *res judicata* should have barred claimant's application, but, in any event, the trial examiner's findings (which became those of the Secretary) were supported by substantial evidence. We affirm.

A full discussion of the doctrine of administrative *res judicata* as it applies in Social Security proceedings is found in Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971). There we held that the doctrine in administrative proceedings does not have the same aura of rigid finality as in judicial proceedings, and that a prior Social Security determination should not be *res judicata* where new and material evidence is offered. In this case, the only new evidence of any consequence consisted of two new medical reports of a Dr. Kuhn, who had also submitted medical reports or testified concerning this claimant in each of the three prior hearings. The Secretary concluded that the new reports were merely cumulative and added nothing to the evidence considered previously. It is clear that the Secretary's decision was supported by substantial evidence and, had it not been for the 1965 amendment to 42 U.S.C. § 416(i), he would have held the application barred by the doctrine of administrative *res judicata.*

In all of one claimant's prior applications, the Secretary concluded that Stonestreet had failed to show impairments which would prohibit him from engaging in substantial gainful employment prior to September 30, 1958, the date on which he last met the earnings requirements for disability purposes. The 1965 amendment to 42 U.S.C. § 416(i) did not change this element of disability under the Act, but simply liberalized the time requirement by providing that such "inability to engage in substantial gainful employment" need last or "be expected to last for more than 12 months" rather than the previous requirement of a "long and indefinite duration." We have previously held in an almost identical situation that where the claimant failed to establish that he had been unable to engage in substantial gainful activity at any time before the end of his insured status, the effect of the 1965 amendment need not be reached. Everett v. Secretary of HEW, 412 F.2d 842 (4th Cir. 1969). Thus, since the 1965 amendment is not reached, it would not preclude a finding of *res judicata* as to the first element of disability (that claimant be found unable "to engage in substantial gainful employment"). See James v. Gardner, 384 F.2d 784 (4th Cir. 1967). The only question, then, which could properly have been before the district court, was whether there was new and material evidence as defined in *Leviner* in order to permit a reopening of the merits of the case. He applied the proper standard and found no such new and material evidence, and we agree. We are of opinion *res judicata* bars the plaintiff's claim.

Parenthetically, we should say that the record indicates there is substantial evidence to support the finding by the Secretary of no disability within the meaning of the statute prior to September 30, 1958.

Affirmed.