**Elery Erigen BROWN, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 10161.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 9, 1966.

Decided Sept. 28, 1966.

**456**

Ned H. Ragland, Beckley, W. Va., for appellant.

David L. Rose, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Kathryn H. Baldwin and Lawrence R. Schneider, Attys., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on the brief), for appellee.

Before BOREMAN, ALBERT V. BRYAN and J. SPENCER BELL, Circuit Judges.

BOREMAN, Circuit Judge.

This is an appeal from a judgment of the District Court upholding a final decision by the Secretary of Health, Education and Welfare that claimant, Brown, was not entitled to a period of disability or to disability insurance benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423.

At the time of the administrative determination and the District Court's affirmance thereof, "disability" was defined by sections 216(i) and 223 as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment *which can be expected to result* *in death or to be of long-continued and indefinite duration."* Act of Sept. 1, 1954, ch. 1206, § 106(i) (1) (A), 68 Stat. 1080; Act of Aug. 1, 1956, ch. 836, § 103(a), 70 Stat. 815. (Emphasis added.) Under this definition it followed that remediable ailments were not disabling. See e. g., Bradey v. Ribicoff, 298 F.2d 855, 857 (4 Cir.) cert. denied, 370 U.S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817 (1962).

There is medical evidence in the record that Brown is afflicted with a variety of disorders, chief among which are a duodenal ulcer, hemorrhoids and a hearing impairment. The Secretary's hearing examiner concluded, from the evidence, that while this combination of infirmities undoubtedly rendered claimant unfit to engage in substantial gainful activity, his condition could be remedied by proper diet, medication, therapy and operative procedures, so that he could engage in his regular work as an automobile mechanic. Our examination of the record convinces us that this finding is supported by substantial evidence.

However, the recent amendments to the Social Security Act, enacted July 30, 1965, have changed the law applicable to this claim. Sections 216(i) and 223 now provide that one is disabled if he cannot engage in substantially gainful activity because of some medically determinable ailment "which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C.A. §§ 416(i) (1) (A), 423(c) (2) (A) (Supp. 1965). This amendment is applicable with respect to any claim for a period of disability and disability benefits where a civil action has been instituted to review a final decision of the Secretary and no judgment on such judicial review has become final before the month of the amendment's passage. Act of July 30, 1965, Title III, § 303(f) (1), 79 Stat. 368. The pendency of this appeal in that month thus renders the new standard of disability effective with respect to the instant claimant's application for a disability "freeze" and disability benefits.

The Secretary asks that we first affirm the decision below and that we then remand the case to him for further consideration in light of the recent amendments. We think a remand for that purpose is the appropriate procedure. The record has not been sufficiently developed with respect to the duration of Brown's disability or the time required to remedy it for the court to make a determination as to whether he could qualify as a disabled person under the new standard.

■ We are not persuaded, however, that the affirmance of the judgment below, sought by the Secretary, should be granted. However correct the decisions of the Secretary and the District Court may have been when rendered, they were based upon a standard which has now become inapplicable to this case.

We direct attention to another of the July 30, 1965, amendments and its effect on the instant case. Under the prior law an application for a period of disability and for disability benefits was effective for a period of no more than three months after the date of filing. Since claimant's application was filed on March 29, 1962, it was incumbent upon him to prove that he was under a disability within the meaning of the then pertinent statute no later than June 29, 1962.

However, the law in this respect was changed by the 1965 amendments and provision was made that such application for a disability period and disability benefits remains in effect until there has been a decision thereon by the Secretary or a final decision upon judicial review thereof. 42 U.S.C.A. §§ 416(i) (2) (F), 423(b) (Supp. 1965). This amendment, just as the amendment fixing a new standard of disability, applies retroactively to all claims upon which a civil action for review of the Secretary's decision has been commenced under Section 205(g) of the Act, 42 U.S.C.A. § 405(g) (1964), if no final decision by the courts has been rendered therein prior to the effective date of the amendment. Act of July 30, 1965, Title III, § 328(d), 79 Stat. 401.

But, in enacting the 1965 amendments, Congress left undisturbed and unchanged the requirement in the Social Security Act that, as a prerequisite to the allowance of disability benefits, a claimant must establish that he has been "disabled" prior to the expiration of his insured status. 42 U.S.C.A. § 423(a) (1) (A) (1964). The record before this court indicates that claimant's earnings were such that his insured status did not expire until March 31, 1964. On remand for further consideration by the Secretary, this will be the critical date for determining disability and claimant must establish that he had become disabled by March 31, 1964, the date his insured status expired.

■ As shown above the amendment extending the effective period of an application is fully retroactive. However, Congress provided that no disability benefits shall be "payable or increased" by reason of the new definition of "disability" prior to the month of September 1965. Act of July 30, 1965, Title III, § 303(f) (1), 79 Stat. 368. Thus, despite the fact that under the retroactive amendment enlarging the effective period of the application this claimant may establish, under the new definition, a disability prior to March 31, 1964, any benefits flowing from such disability are payable, prospectively only, on and after September 1, 1965. Consequently, claimant cannot hope to receive disability benefits for any period prior to September 1, 1965, unless he can establish that he became disabled under the old and superseded disability definition. It follows that, on remand of the case, the Secretary should consider and determine whether the claimant became "disabled" before March 31, 1964, under either the old statutory standard then in force or the new standard fixed by the 1965 amendment.

Accordingly, the judgment of the District Court is vacated and the case is

remanded to that court with the direction that it remand to the Secretary for further consideration in the light of the 1965 amendments.

Vacated and remanded.