**Fred CARTER, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Appellee.**

**No. 10286.**

United States Court of Appeals Fourth Circuit.

Argued April 8, 1966.

Decided Oct. 4, 1966.

E. Carl Meadows, Jr., Beckley, W. Va. (Clay S. Crouse, Beckley, W. Va., on brief), for appellant.

Howard J. Kashner, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., David L. Rose, Atty., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Circuit Judge, and BARKSDALE, District Judge.

BOREMAN, Circuit Judge.

On August 20, 1962, Fred Carter made application for the establishment of a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C.A. 416(i) and for disability insurance benefits under Section 223, 42 U.S.C.A. 423. Claimant alleged that he was unable to engage in any substantial gainful activity because of a skin condition, injuries to his right knee, his back, a stiff right hand and amputated finger. This application was denied on October 31, 1962, and a request for a rehearing was denied in July 1963.

Pursuant to a second request a hearing was held on October 20, 1963. On February 25, 1964, the hearing examiner found that claimant was not under a disability. The effective date of claimant's application under the then applicable law was November 20, 1962, or three months after the filing date. However, some time in late November or early December 1962 claimant fell from a scaffold and was injured. In May 1963 claimant sustained further injuries when he was involved in an automobile accident.

The hearing examiner, acting pursuant to Section 216(i) of the Act, 42 U.S.C.A. 416(i), refused to consider the effects of the two injuries suffered subsequent to November 20, 1962, that date marking the end of the effective period of the application. On April 23, 1964, the Appeals Council denied claimant's application for review. Claimant then appealed to the District Court for judicial review under Section 205(g), 42 U.S.C.A. 405(g). On August 16, 1965, the court granted the Secretary's motion for summary judgment, and affirmed the order of the Appeals Council.

At the time of the administrative determination "disability" was defined by Sections 216(i) and 223 as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration." Act of September 1, 1954, ch. 1206, § 106(i) (1) (A), 68 Stat. 1080; Act of August 1, 1956, ch. 836, § 223(c) (2), 70 Stat. 815. By Act of July 30, 1965, Sections 216(i) and 223 were amended to provide that one is disabled if he cannot engage in substantially gainful activity because of some medically determinable ailment "[which] has lasted or can be expected to last for a continuous period of not less than 12 months. * * *." 42 U.S.C.A. §§ 416(i) (1) (A), 423(c) (2) (A) (Supp.1965).

An examination of the record reveals that under the law in effect at the time of the Secretary's decision there was substantial supporting evidence. Amendments to the Social Security Act effective July 30, 1965, changed the law which was.

followed and applied by the Secretary. Refer above to the statutory change in the definition of disability. Next, the old section which provided that such an application was effective for a period of no more than three months after the date of filing was amended by the Act of July 30, 1965, Sections 328(b) and (c), 42 U.S.C.A. 416(i) (2) (F), 423(b) (Supp. 1965). This amendment provides that an application for a disability period and for disability benefits remains in effect until there has been a decision thereon by the Secretary or a final decision upon judicial review. It applies retroactively to any claim involved in a civil action brought for review of the Secretary's decision under Section 205(g) of the Act, 42 U.S.C.A. 405(g), and where no final decision by the courts has been rendered therein prior to the effective date of the Amendment. Act of July 30, 1965, Title III, 328(d), 79 Stat. 401.

However, it is of vital importance to point out that the 1965 amendments have not altered the requirement that a claimant must establish that he has become "disabled" *prior to the expiration of his insured status*. 42 U.S.C.A. 423(a) (1) (A) (Supp.1965). In this case claimant's insured status expired on June 30, 1964.

The Secretary concedes that a remand is appropriate in order to determine whether claimant was "disabled" before June 30, 1964. But he insists that we affirm the District Court because there was substantial evidence to support the Secretary's finding that claimant was under no disability within the then effective period of the application.

We are of the opinion that a remand is appropriate to determine whether claimant was "disabled" at any time during the effective period of his application up to June 30, 1964, the date upon which his insured status expired. We do not affirm the decision below because of the application of an inappropriate statutory standard. In Brown v. Celebrezze, 367 F.2d 455 (4 Cir. 1966), the Secretary and the District Court used the old statutory standard defining a disability rather than the standard established by the 1965 amendments. In vacating the judgment of the District Court, we there said: "however correct the decisions of the Secretary and the District Court may have been when rendered, they were based upon a standard which has now become inapplicable to this case." Id. at 457. In the instant case the Secretary used a standard for determining the effective date of the application which, while correct when employed, became inapplicable by virtue of the 1965 amendments. The amendments were actually in effect at the time of the District Court's decision on August 16, 1965.

Therefore the judgment below will be vacated and the case will be remanded to the District Court with the direction that it remand the case to the Secretary for further proceedings consistent with this opinion and the July 30, 1965, amendments.

Vacated and remanded.