**Roy J. DIXON, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 67–C–79–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Feb. 21, 1968.

D. H. Frackelton, Widener, Widener & Frackelton, Bristol, Va., for plaintiff.

James B. Brice, Asst. U. S. Atty., Roanoke, Va., for United States.

OPINION and JUDGMENT

DALTON, Chief Judge.

From an adverse decision of the Secretary of Health, Education and Welfare rendered June 9, 1967, plaintiff has appealed to this court. This final decision on June 9, 1967 was a denial of plaintiff's request for review of a decision rendered by a hearing examiner on March 13, 1967.

The plaintiff filed an application for disability insurance benefits on April 5, 1963, alleging that he had been unable to work since 1956. Plaintiff's claim was denied because he did not possess the required insured status at any time within eighteen months before the date the application was filed. When Congress subsequently removed this time (eighteen months) requirement, plaintiff filed another disability application alleging that he had been unable to work

since 1949. Plaintiff's social security earnings record established that his insured status under the disability provisions of the Act expired on September 30, 1952. Thus the burden was on plaintiff to establish that he was under a disability on or before September 30, 1952, the date he last met the earnings requirement. Carter v. Celebrezze, 367 F. 2d 382 (4th Cir. 1966). The Secretary concluded that the plaintiff had not met his burden of proof in establishing disability as of September 30, 1952, and accordingly denied plaintiff's application. In this court's opinion, the Secretary's conclusion has substantial support in the record and, therefore, must be affirmed.

In his application filed January 4, 1966, plaintiff alleges inability to work because of "heart trouble, ulcers and spine fracture." However, plaintiff has only produced evidence in regard to his ulcer, and thus this is his sole basis for claiming disability. Plaintiff dates his injuries to a car wreck in 1949. Following treatment at the Holston Valley Hospital, plaintiff returned to his regular job, but was laid off a short time thereafter. Plaintiff alleges that he has not been able to find employment since 1950.

Plaintiff offered in evidence the statements and opinions of two physicians, Dr. W. L. Griggs and Dr. George Keener. The plaintiff had seen Dr. Griggs occasionally since 1949, but not as regular patient. Dr. Griggs stated that plaintiff had been unable to work since 1949 and diagnosed (1) peptic ulcer 1962 (2) diverticulitis 1949. Dr. Keener also stated that plaintiff had been unable to work since 1949 and diagnosed (1) peptic ulcer 1956 (2) enherna, lower bowel 1962. The plaintiff had also been a clinic patient at the Holston Valley Hospital, but the hospital stated that they no longer had the accident room reports during the year of plaintiff's alleged auto accident. The hospital reported two X-rays in October 1956 and March 1962, but no other treatment. The X-ray of October 1956 showed no ulcer crater or typical deformity, but it was felt that a mild duo-

dentis might be present. The X-ray of March 1962 showed definite deformity of the duodenal bulb, and thus it appeared that plaintiff had a duodenal ulcer. At his hearing plaintiff was asked to explain why the X-ray in 1956 had shown that no ulcer existed. Plaintiff objected that the record spoke for itself, and said objection was sustained.

After hearing all the evidence the examiner concluded that although it was clear the plaintiff now had an ulcer, there was no evidence to prove that plaintiff had an ulcer as of September 1952, the date plaintiff last met the special insured status requirements. Plaintiff contended that although his own physicians did not diagnose an ulcer until 1956, they stated that plaintiff was unable to work since 1949, thus, the physicians must have based their opinions on some findings, even though such findings were not now presented to the examiner.

Thus the examiner was presented with arguments and evidence on both sides. This court's function is not to sit as a de novo trier of the evidence. The examiner's finding of fact and the reasonable inferences drawn therefrom are conclusive if supported by substantial evidence. Any conflicts in the evidence are to be resolved by the trier of facts and his findings must be affirmed if supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962).

Upon review of the record, this court concludes that there is substantial support for the Secretary's finding that plaintiff failed to carry his burden in establishing disability as of the required date.

Accordingly, it is adjudged and ordered that the decision of the Secretary of Health, Education and Welfare be, and the same is hereby, affirmed.

The clerk will certify copies of this opinion and judgment to counsel of record.