Stella D. MOSS, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education & Welfare, Defendant.

Civ. A. No. 67–C–69–A.

United States District Court
W. D. Virginia,
Abingdon Division.

March 8, 1968.

rendered by a hearing examiner on March 14, 1967.

In her application filed November 24, 1965, plaintiff alleged that she had been unable to work since October 1956 because of injuries to her lower back. Plaintiff's social security earnings record established that her insured status under the disability provisions of the Act expired on December 31, 1961. Thus, the burden was on the plaintiff to establish that she was under a disability on or before December 31, 1961, the date she last met the earnings requirement. Carter v. Celebrezze, 367 F.2d 382 (4th Cir. 1966). The Secretary concluded that the plaintiff had not met her burden of proof in establishing disability as of December 31, 1961, and accordingly denied plaintiff's application. In this court's opinion, the Secretary's decision has substantial support in the record and, therefore, must be affirmed.

Plaintiff's application is somewhat complicated by the fact that she sustained further injuries due to a fall in August 1964, three years after she last met the earnings requirement. However, it is clear that this subsequent injury is not relevant to the Secretary's decision as to disability. Any disability which had its onset or became disabling after the earnings requirement was last met cannot be the basis for a finding of disability. Carter v. Celebrezze, 367 F.2d 382 (4th Cir. 1966).

The record discloses substantial medical evidence that plaintiff's back injury is not serious enough to prevent her from working. There is also evidence that plaintiff did engage in substantial, gainful employment after the time of her alleged disability. In the early part of 1964, plaintiff, along with her husband, performed janitorial work. Plaintiff reported earnings of $503.40 for that period, said period being several years after plaintiff last had insured status. The Secretary considered this evidence and denied plaintiff's application. This court cannot sit as a de novo trier of facts but must accept the Secre-

D. H. Frackelton, Widener, Widener & Frackelton, Bristol, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Roanoke, Va., for the Government.

## OPINION and JUDGMENT

DALTON, Chief Judge.

From an adverse decision of the Secretary of Health, Education and Welfare rendered May 31, 1967, plaintiff appeals to this court. The final decision of the Secretary in this case is a decision of the Appeals Council denying plaintiff's request for review of a decision

tary's decision if supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).

This court is satisfied that the record contains such substantial evidence, accordingly it is adjudged and ordered that the decision of the Secretary of Health, Education and Welfare be, and hereby is affirmed.

The clerk will certify copies of this opinion and judgment to counsel of record.