**Calvin LANE, Plaintiff,**

v.

**Elliott RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 69–C–3–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

May 26, 1971.

Robert T. Winston, Norton, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION

WIDENER, District Judge.

Plaintiff, Calvin Lane, brings this action to obtain review of a final decision of the Secretary of Health, Education and Welfare denying his fourth application for a period of disability and disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423. The Secretary urges in his motion for summary judgment that plaintiff's failure to seek review of administrative de-

cisions denying his earlier applications rendered those decisions *res judicata* as to all issues raised therein. The court finds that contention to be well founded and holds that, in the present case, judicial review of the sort provided for in § 205(g) of the Act, 42 U.S.C.A. § 405(g), is precluded by the doctrine of *res judicata*.

Plaintiff last met the special insured status requirements of the Act on September 30, 1954. He first applied for disability insurance benefits on December 10, 1956, claiming that he had become disabled in 1949 because of epilepsy. The application was denied on December 17, 1957. Plaintiff was advised on that date, and again on May 15, 1958, of his right to request, within six months of the denial, reconsideration of his application or a hearing thereon. He did not further pursue that application.

Plaintiff filed his second application on January 31, 1961, claiming a disability as of March, 1960 [1] due to "Seizures Grand Mal." A hearing was held following which, on August 13, 1962, the hearing examiner concluded that plaintiff's epilepsy did not render him disabled within the meaning of the statute. On October 17, 1962, the Appeals Council denied a request for review of the hearing examiner's decision and notified plaintiff that he could obtain judicial review of the decision within sixty days. The application was not further pursued.

Plaintiff next applied for benefits on October 5, 1965, alleging a disability as of February, 1949, on account of epilepsy, lung trouble and a nose condition. His application was denied initially on December 16, 1965, and upon reconsideration on May 6, 1966, the Administration advising plaintiff that the denial was based upon its evaluation of all the evidence previously adduced, under both the 1965 amendments to the Act and the

---

1. Plaintiff was advised initially that he did not, in March, 1960, meet the special earnings requirement of the Act. The re- consideration determination, however, was that plaintiff was not disabled at any time that he met such requirement.

pre-1965 provisions. Plaintiff was notified on May 6, 1966 that he could request a hearing within six months, but no hearing was thereafter requested.

Plaintiff filed his fourth application on March 6, 1968, again claiming a disability as of February, 1949, due to epilepsy. Additional evidence was submitted and another hearing was held on September 24, 1968. The application was thereafter denied by a hearing examiner, who concluded that plaintiff was not disabled on or before September 30, 1954, that the issues presented in plaintiff's first application were *res judicata* as concerned matters involving the pre-1965 provisions of the Act, and that no good cause had been shown for reopening the "prior decision." [2] Plaintiff's request for review of the hearing examiner's decision was denied by the Appeals Council on January 8, 1969, and this action followed.

The applicability of the doctrine of administrative *res judicata* in the context of Social Security matters is now well settled. See, e. g., Hughes v. Finch, 432 F.2d 93 (4th Cir. 1970); Craig v. Finch, 416 F.2d 721 (5th Cir. 1969); Domozik v. Cohen, 413 F.2d 5 (3d Cir. 1969); James v. Gardner, 384 F.2d 784 (4th Cir. 1967), cert. den. 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 99; Myers v. Gardner, 361 F.2d 343 (9th Cir. 1966); Salyers v. Celebrezze, 214 F.Supp. 834 (W.D.Va.1962). The Social Security Act itself delimits administrative and judicial review of the Secretary's determinations and provides that his "findings and decisions * * * after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). Regulations promulgated thereunder operate to further insulate his decisions from review except as provided in the Act. Under § 404.940 of those Regulations, a hearing examiner's decision denying an application becomes final and binding upon an applicant when the latter fails to seek judicial review thereof within sixty days after a request for administrative review has been denied by the Appeals Council. 20 C.F.R., § 404.940. See also 20 C.F.R., §§ 404.908, 404.916.

It would be plainly inconsistent with the Act to deprive the decision denying plaintiff's 1961 application of the finality which the Act has accorded it. It was rendered following a full hearing at which extensive medical evidence was presented and during which plaintiff was represented by counsel. Plaintiff's failure thereafter to pursue the remedy afforded by the Act foreclosed his right to judicial review of the issues decided therein. To the extent that plaintiff's latest application is an attempt to resurrect that right, it is outside the framework of the Act and of no avail.

The doctrine of administrative *res judicata* was recently held to preclude judicial review in a case strikingly similar to the instant case in its procedural setting. In Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970), a disability benefits claimant filed applications in 1960, 1962, 1964, and 1965. Easley sought no review after his 1960 application was denied initially. His 1962 application was denied following a hearing and Easley failed to request review of the hearing examiner's decision. A request for a hearing on his 1964 application was denied on the ground that the issues had already been determined and that no new evidence bearing on that determination had been offered. Easley's 1965 application was denied following a hearing at which additional medical evidence was submitted. The hearing examiner's denial was based upon his findings that the question of Easley's disability had been determined at the first hearing and that such determination was final and binding. He further found that nothing in the evidence warranted reopening of the earlier determination. Easley then sought and obtained relief in the District Court, which held that *res judicata*

---

2. It appears that the hearing examiner was here referring to the decision denying plaintiff's 1961 application, although it is not entirely clear from the text of his opinion.

was inapplicable because Easley had not had an attorney at his first hearing and because he had never before obtained judicial review of his claims. The Court of Appeals reversed, stating in part:

"In enacting the Social Security Act, Congress deliberately imposed severe restrictions on the power of the federal courts to review administrative decisions made in the implementation of the Act. * * * [T]aken together, these statutory restrictions * * * necessarily imply the existence of an administrative form of the *res judicata* doctrine. If a claimant has no right to judicial review of a decision denying him benefits unless he brings an action within sixty days of the denial, he has no right to regain it, or indefinitely extend it, by a perfunctory reassertion of his claim after expiration of the time to seek judicial review." Easley v. Finch, *supra*, 431 F.2d at 1353.

It is not contended that the question presented by plaintiff's latest application, i. e., his inability due to epilepsy to engage in substantial gainful activity on or prior to September 30, 1954, is substantially different from the issue posed by his first three applications. The court notes that the hearing examiner's decision on plaintiff's 1961 application was rendered prior to enactment of the 1965 amendments to § 223 of the Act, 42 U.S.C.A., § 423(d) (1) (A), which altered the period of time that a disability, if established, must endure before a claimant is entitled to benefits. See Act of July 30, 1965, Sec. 303(a) (2). The 1965 amendments, however, did not alter the requirement that a claimant must establish that he has become disabled prior to the expiration of his insured status. Carter v. Celebrezze, 367 F.2d 382 (4th Cir. 1966). Nor did they change the required severity of the impairment. James v. Gardner, *supra*. The expected duration of plaintiff's impairment, epilepsy, has never been at issue in proceedings on any of his applications. He has maintained throughout that his claimed disability was and is

still of a continuing nature. The 1965 amendments, in any case, provide that no benefits are payable by reason of the amendments for months prior to September, 1965. Act of July 30, 1965, Title III, § 303(f) (1), 79 Stat. 368. Cf. Brown v. Celebrezze, 367 F.2d 455 (4th Cir. 1966). Plaintiff must therefore, in order to receive *benefits*, establish a period of disability commencing on or prior to September 30, 1954, and continuing at least through September, 1965, a period of eleven years. It is impossible to conceive of any advantage inuring to plaintiff by virtue of the 1965 amendments which altered the requisite duration of an impairment when the claimed continuing nature of his disability is considered.

The Court of Appeals for the Fourth Circuit has recognized that the doctrine of administrative *res judicata* is not to be so inflexibly applied as to work manifest injustice. It held the doctrine inapplicable in Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969), where the Secretary's decision denying benefits was found to be based upon error apparent on the face of the evidence. The exception applied in *Grose* is derived from those Regulations which allow a determination otherwise final to be reopened for "good cause" within four years following notice of the initial determination, "good cause" being deemed to exist where, *inter alia*, there is "error on the face of the evidence," or new and material evidence is submitted. 20 C.F.R. §§ 404.-957(b), 404.958(a), (c). Plaintiff's latest application is, in effect, a request for a discretionary reopening under those regulations. See Casey v. Cohen, 295 F.Supp. 561 (W.D.Va.1968).

It is questionable, first, whether plaintiff's latest application presents a reopenable issue under § 404.957(b) because the four-year period for reopening the decision on plaintiff's 1961 application has long since passed. Cf. Craig v. Finch, *supra*; Berard v. Finch, 307 F. Supp. 568 (D.Mass.1969). Assuming that such decision might be reopenable at any time under 20 C.F.R., § 404.-

957(c) (8),[3] the court can find no basis for disturbing the latest hearing examiner's finding that no good cause for reopening had been shown.

The decision as to reopening is a matter of the Secretary's discretion. While judicial review of his refusal to reopen is not expressly authorized by the Social Security Act, it has been held in this district that such refusal is reviewable under the Administrative Procedure Act, as amended, 5 U.S.C.A. §§ 703–706. Mullins v. Cohen, 296 F.Supp. 260 (W. D.Va.1969). Under § 706 thereof, the standard applicable to such review is whether the refusal amounts to an abuse of discretion. Cf. Lyall v. Cohen, 297 F.Supp. 606 (W.D.Va.1969).

Plaintiff urges that additional medical evidence adduced at the hearing on his latest application warranted reopening and that the hearing examiner's refusal to reopen was an abuse of discretion. The additional evidence referred to is a report from a psychiatrist, Dr. Pierce D. Nelson, who examined plaintiff in 1965, and a report dated June 6, 1968, from Dr. W. B. Barton, a general practitioner, who examined plaintiff in 1945 and in 1950. These reports generally confirmed the medical conclusions adduced upon plaintiff's earlier applications; that is, that Plaintiff has suffered from epilepsy since 1949 or 1950. Conceding this, the latest hearing examiner found that plaintiff's impairment had been maintained under adequate control by the use of medication over a consistent period of time, and that it was not so severe as to have precluded substantial gainful activity on or prior to the expiration of plaintiff's insured status.

Without so deciding, while the additional evidence cited might be relevant to a determination of whether the denial of plaintiff's latest application was founded upon substantial evidence, it does not, in the opinion of the court, afford a basis for concluding either that

the Secretary abused his discretion in refusing to reopen his prior decision, or that there is error on the face of the evidence such as compelled reopening in Grose v. Cohen, supra.

For the reasons discussed above, the defendant's motion for summary judgment must be granted, and that of plaintiff must be denied.

An order is this day entered consistent with this opinion.

---

clerical error or error on the face of the evidence * * *."