Charles **MORRISON,** John Doe, and Theodore Decker, Plaintiffs,

v.

Margaret **HECKLER,** Secretary of Health and Human Services, Defendant.

Class Action No. C82–888V.

United States District Court, W.D. Washington.

June 16, 1983.

Appeals. *Cf. Baxter* with *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974).

**322**

Kristin Houser, Evergreen Legal Services, Seattle, Wash., for plaintiffs.

Richard Wetmore, Asst. Regional Atty., Dept. of Health and Human Services, Region X, Seattle, Wash., for defendant.

## AMENDED PRELIMINARY INJUNCTION

VOORHEES, District Judge.

A hearing was held in this cause on plaintiffs' motion for a preliminary injunction for the purpose of granting relief to applicants and former recipients of Social Security benefits, based on disability, under Titles II and XVI of the Social Security Act, 42 U.S.C. Sections 401 *et seq.* and 1381 *et seq.*

This Court has previously certified the following class:

All persons who are Washington residents and who have filed applications for Social Security Title II benefits (excluding applicants for widow's, surviving divorced wives' or widower's disability benefits) or SSI disability benefits and who have had their claims for disability benefits evaluated by the DDS under the defendant's regulations, policies and practices, and who have been found not disabled by defendant whether in an initial determination or reconsideration determination, or who, having been initially found eligible for disability benefits, have had those benefits terminated in a continuing eligibility review.

For purposes of relief under this preliminary injunction, the relief afforded the class shall include those applicants and recipients who were residents of Washington State and whose claims were administratively active on or after a date sixty (60) days prior to July 23, 1982.

After consideration of the Amended Complaint and the legal memoranda, affidavits and oral arguments of both parties, the Court finds that (1) plaintiffs will suffer irreparable injury if injunctive relief is not granted, (2) it is probable that plaintiffs will prevail on the merits, (3) defendant would be harmed less by the issuance of an injunction than plaintiffs would be harmed by an injunction not being issued, and (4) it is in the public interest to issue an injunction.

The Secretary and the Social Security Administration, including the Disability Determination Service for the State of Washington, are enjoined from:

A. Making and issuing determinations on continuing disability investigations which do not apply the standard enunciated in *Patti v. Schweiker,* 669 F.2d 582 (9th Cir.1982).

B. Making and issuing determinations not in accord with the standard enunciated in *Griffis v. Weinberger,* 509 F.2d 837 (9th Cir.1975) relative to the evaluation of disability from alcoholism or drug addiction.

C. Failing to apply the standards enunciated in *Day v. Weinberger,* 522 F.2d 1154 (9th Cir.1975) and *Rhodes v. Schweiker,* 660 F.2d 722 (9th Cir.1981) in the evaluation of the claims and continued eligibility of class members.

Defendant shall without delay initiate a review on a priority basis of the claims of all class members in accordance with the terms of this injunction. Defendant shall notify all class members that their claims for benefits are being reviewed, and after

completion of the review, shall notify each class member of the result of that review.

Defendant shall allow plaintiffs' counsel to have reasonable access to the claims files of the class members in order that they might verify compliance with this preliminary injunction. Such inspection shall, however, be strictly in confidence and shall be solely for the purpose of verifying compliance with this order.

Defendant shall promptly provide plaintiffs' counsel with copies of all policy statements or directives issued by defendant or her representatives for the purpose of implementing the terms of this injunction.