**John DOE, Robert Seawright, Donald E. Dill, Charles W. Boyd, Dorothy J. Messenger, Gloria Washington, and Yvonne Dunlap, Individually and on behalf of all others similarly situated**

v.

**Margaret M. HECKLER, Secretary United States Department of Health and Human Services.**

**Civ. A. No. M–83–2218.**

United States District Court, D. Maryland.

Feb. 15, 1984.

Dennis W. Carroll and Ethel Zelenske, Administrative Law Center, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiffs.

J. Frederick Motz, U.S. Atty. for the Dist. Md., Glenda G. Gordon, Asst. U.S. Atty., Baltimore, Md., Diane C. Moskal, Regional Atty., Michael P. Meehan and Thomas A. Dougherty, Jr., Asst. Regional Attys., Dept. of Health and Human Services, Philadelphia, Pa., Randolph W. Gaines, A. George Lowe, and Gabriel L. Imperator, Office of General Counsel, Dept. of Health and Human Services, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

On December 13, 1983 this court granted class certification to all persons in Maryland:

"(a) Who have applied for disability benefits under the Social Security Act;

"(b) Who have been found by the Secretary to be under a disability as defined in the Social Security Act, 42 U.S.C. § 416(i) and determined to be eligible for monthly disability benefits under the Act;

"(c) Who, after being notified that the Secretary was reviewing their continued disability and/or proposed to terminate their benefits, either

1) filed form SSA–454aF4 asserting that they were still disabled, or

2) filed a request for reconsideration following the formal decision to terminate their benefits.

"(d) Whose disability has been determined by the Secretary to have ceased in a decision issued on or after the 60th day prior to the filing of this action;

"(e) Whose disability has been determined to have ceased based on medical factors;

"(f) Who have had or will have their monthly benefit checks stopped; and

"(g) Who have had their disability benefits terminated without any finding that either (i) there has been a change in their medical condition since the time that the Secretary first determined that they were under a disability as defined in the Act or (ii) that the original favorable decision was erroneous."

Further, this court enjoined the Secretary of Health and Human Services from terminating the social security disability benefits of all class members absent a finding of medical improvement when the evidence at the cessation hearing relates solely to the claimant's physical or mental condition. *Doe v. Heckler*, 576 F.Supp. 463, 473 (D.Md.1983).

The plaintiffs have moved to amend or alter that judgment with respect to the relief granted the class members. (Paper No. 45). They request the court to add the following orders:

1. Defendant and her agents are hereby ordered to review on a priority basis the claims of those class members whose claims for benefits were denied on or after April 28, 1983 on the basis of medical factors and to apply the standards set forth in the court's Memorandum and Order to their claims.

2. Defendant and her agents shall notify all such class members that their claim for benefits is being reviewed, that the initial denial may have been in

error, that the Social Security Administration may be asking for additional evidence relating to the impairment, that if the Social Security Administration determines that the initial denial was in error the claimant will be entitled to back benefits from the date of the application and that if the decision is still unfavorable they have the right to appeal to the next appropriate administrative or judicial level.

3. Defendant shall promptly provide plaintiffs' counsel with copies of all policy statements or directives issued by defendant or her representatives for the purpose of implementing the terms of this injunction and shall report to the plaintiffs' counsel the progress of the reevaluations of class members claims.

The defendant has opposed the plaintiffs' motion (Paper No. 47), and the plaintiffs have replied to that opposition (Paper No. 48). No hearing is necessary to decide the motions. (Local Rule 6[E]).

### Legal Analysis

■ Consideration of the plaintiffs' motion to alter or amend the judgment, timely filed under Fed.R.Civ.P. 59(e), is in the sound discretion of the trial court. *See Robinson v. Watts Detective Agency,* 685 F.2d 729, 743 (1st Cir.1982); *Slater v. KFC Corp.,* 621 F.2d 932, 939 (8th Cir.1980). A review of each of the three proposed amendments to the judgments and the arguments set forth by the parties convinces this court that amendment is proper.

### 1) *Priority Review*

The plaintiffs urge this court to direct the Secretary to conduct a priority review of the claims of those class members who were denied benefits on or after April 28, 1983 on the basis of medical factors. Further, the plaintiffs urge the court to order the Secretary to apply the medical improvement standard to their claims.

■ The plaintiffs argue that failure to amend the judgment to include direction for such priority review will deprive "those class members who had already fully exhausted their claims or who did not pursue further administrative appeals [during the pendency of *Doe v. Heckler* ]" of the benefits of the *Doe v. Heckler* decision. (Paper No. 45, Memorandum at 2).

The plaintiffs' interpretation of the *Doe v. Heckler* decision is an unnecessarily narrow one. In *Doe,* four of the five named plaintiffs had exhausted their administrative remedies. This court did not exclude them from the relief awarded, but remanded their cases to the Secretary for reconsideration. *Doe v. Heckler,* 576 F.Supp. 463, 472. Neither did this court exclude from relief those persons who had not timely appealed a previous decision to terminate benefits. In analyzing the jurisdictional requirements which each *Doe* class member is required to meet, this court stated:

"Each member of a purported plaintiff class, in a suit under the Social Security Act, must meet the jurisdictional requirement of 42 U.S.C. § 405(g) of having received a final decision from the Secretary. *See Weinberger v. Salfi,* 422 U.S. 749, 763–64 [95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522] (1975). The Supreme Court has defined the two elements of finality. First, each member must have presented a claim for benefits to the Secretary. Second, each class member normally must have exhausted his administrative remedies. *Mathews v. Eldridge,* 424 U.S. 319, 328 [96 S.Ct. 893, 899, 47 L.Ed.2d 18] (1976).

In denying the defendant's motion to dismiss for lack of subject matter jurisdiction (Paper No. 22), this court, on September 9, 1983, determined that each member of the proposed class had presented a claim for continued benefits to the Secretary and that the exhaustion requirement was waivable and had been waived in this particular case."

*Id.* at 466–467. Therefore, failure to exhaust administrative remedies *per se* does not prohibit membership in the class. Each class member, though, must have presented a claim to the Secretary. To assure that that jurisdictional prerequisite was met by

those members of the class who had failed to exhaust administrative remedies, this court amended the class to "include a requirement that class members, after being notified that the Secretary was reviewing their continued disability and/or proposed to terminate their benefits, either:

(a) filed the questionnaire, SSA–454aF4, asserting that they were still disabled, or

(b) filed a request for reconsideration following the formal decision to terminate their benefits."

*Id.* at 465. Therefore, if those persons who have not exhausted their administrative remedies either filed the questionnaire or a request for reconsideration on or after April 28, 1983, they cannot be denied membership in the class.

Having clarified class membership status, this court now turns to the defendant's arguments against ordering priority review. The defendant asserts that an order requiring priority review would "propel this court into an area properly left within the discretion of the administrative agency, i.e., the setting of an agency's priorities." (Paper No. 47 at 2).

■ Although the Supreme Court has made it clear that a court, in formulating equitable relief, should not usurp traditional administrative functions, *see, e.g., Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 (1980), *reh. den.,* 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981); *Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 524, 98 S.Ct. 1197, 1202, 55 L.Ed.2d 460 (1978), it is equally clear that "once jurisdiction is established courts maintain the authority to provide equitable relief commensurate to the harm." *Mental Health Association v. Heckler,* 720 F.2d 965, 972 (8th Cir.1983).

For example, in *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), the Supreme Court upheld the lower court's classwide imposition of hearing and notice procedures designed to effectuate provisions of the Social Security Act. *Id.* at 704, 99 S.Ct. at 2559.

Lower courts have fashioned relief requiring the Secretary to conform to court imposed deadlines for processing social security cases, *see, e.g., Day v. Schweiker,* 685 F.2d 19, 22 (2d Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983); *Crosby v. Social Security Administration,* 550 F.Supp. 1278, 1282 (D.Mass.1982). In several cases similar to the one before this court, the Secretary has been ordered to conduct priority reviews. *See, e.g., Mental Health Association v. Heckler,* 720 F.2d at 974; *Morrison v. Heckler,* 582 F.Supp. 321 at 322 (W.D. Wash.1983).

■ The purpose of priority review is to assure that those persons whose benefits may have been illegally terminated are identified and procedures for review implemented to process their cases expeditiously. It appears to this court that an order requiring such review furthers the intent of the decision in *Doe v. Heckler.*[1]

### 2) *Notification of Class Members*

■ The plaintiffs also request that the Secretary notify each class member that his/her claim is being reviewed and that, if the Secretary determines that the termination decision was in error, the claimant will be entitled to back benefits from the date of the original decision. In addition, the notice is to inform the claimant that he/she has a right to appeal an adverse reviewing decision.

It appears to this court that if priority review is to be effective, the class members

---

[1]. This court does not agree with the defendants that requiring priority review conflicts with Justice Rehnquist's order in *Heckler v. Lopez,* —— U.S. ——, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983), granting a stay of the lower court order to reinstate class members' benefits *prior* to the Secretary's reconsideration of their claims for benefits. Directing priority review does not automatically direct the Secretary to reinstate benefits. It merely requires the Secretary to carry out the purposes of the *Doe v. Heckler* decision in an expedited manner.

must be notified of the procedures. The defendant does not argue against that proposition, but opposes the amendment "because it would result in *retroactive disability benefits.*" (Paper No. 47 at 4).

In *Doe v. Heckler*, this court refused to order restoration of benefits *en masse* to all class members finding "that such relief may not be consistent with 42 U.S.C. § 405(i) which directs payment of disability benefits only '[u]pon final decision of the Secretary or upon final judgment of any court of competent jurisdiction....' " *Doe v. Heckler*, 576 F.Supp. 463, 473. The plaintiffs' requested amendment does not contravene that decision. It merely provides that if the Secretary determines that a claimant's benefits were terminated without a finding of medical improvement, the claimant is entitled to reinstatement from the date he/she was wrongfully terminated from the disability rolls. That type of relief is not unusual. It often follows from any administrative or judicial determination that benefits have been wrongfully withheld. All that the plaintiffs seek is an order requiring the Secretary to reevaluate class members' cases under the proper legal standard. If after such evaluation an award of retroactive benefits is called for, a claimant is legally entitled to such an award from the date of his/her illegal termination.[2]

### 3) *Progress Reports to Plaintiffs' Counsel*

The plaintiffs request this court to order the Secretary to provide plaintiffs' counsel with 1) copies of all policy statements or directives issued for the purpose of implementing the terms of the *Doe v. Heckler* injunction; 2) a progress report on the reevaluations of class members' claims.

The Secretary argues that such monitoring is unnecessary and will result in needless administrative burdens. The court finds that argument unpersuasive. Clearly, for her own internal purposes, the Secretary must develop a procedure for identifying and reviewing the class members' claims. Only if such a procedure is in place can the Social Security Administration comply with and carry out the terms of the injunction imposed in *Doe v. Heckler*. Providing copies of those internal policies and directives to the plaintiffs' counsel will not create a burden.

For similar reasons the Secretary must develop a way to monitor the reevaluations which must occur in light of the *Doe v. Heckler* injunction. Providing progress reports to plaintiffs' counsel of the evaluations conducted over a specific period of time does not appear to this court to be overly burdensome.

In fact, as the plaintiffs point out, their request is reasonable given the fiduciary responsibility undertaken by the class representatives and their counsel to assure that the rights of unnamed class members are adequately represented. Fed.R.Civ.P. 23(a)(4). That responsibility does not end on the day a judgment is handed down. As in any case, the person who obtains a judgment must enforce that judgment. In the instant case, the class representatives and their counsel are seeking to enforce the judgment they obtained in *Doe v. Heckler*. Their responsibility to unnamed class members can be met, in part, by monitoring the Secretary's progress in reviewing and reevaluating class members' claims.

Such monitoring is not unusual in these types of cases. *See, e.g., Trujillo v. Heckler*, No. 82-K-1505 (D.Colo., Dec. 15, 1983) (order granting permanent injunction) (Pa-

---

**2.** The Secretary argues that when the termination decisions at issue here were made she was acting under a proper legal standard, and, therefore, the decision to terminate was not wrongful. Thus, payment of back benefits is not necessary. That argument is not compelling. In *Carter v. Celebrezze*, 367 F.2d 382 (4th Cir.1966), the court remanded a social security disability benefits case in which "the Secretary used a

standard for determining the effective date of application, which while correct when employed, became inapplicable by virtue of the 1965 amendments." *Id.* at 384. In the instant case, assuming that the Secretary's refusal to apply a medical improvement standard was legal at any time, it is now inapplicable to the class members' claims upon review and reevaluation.

per No. 48, Attachment); *Morrison v. Heckler*, No. C82–888V (W.D.Wash., May 27, 1983) (order granting preliminary injunction) (Paper No. 45, Attachment 1). In fact, the amendments requested by the plaintiffs are moderate in comparison to the types of monitoring other courts have ordered. *See id.*

Therefore, this court will grant the plaintiffs' motion to amend the judgment, but with certain changes and modifications to clarify the Secretary's responsibilities, as follows:

1. The defendant will provide plaintiffs' counsel, within 30 days of the date of this order, copies of all official, non-privileged documents, policy statements and/or directives issued by the defendant or her representatives for the purpose of implementing the terms of the *Doe v. Heckler* injunction. Any new or revised documents, policies, or statements issued thereafter will be provided immediately to plaintiffs' counsel.

2. Defendant and her agents are hereby ordered to begin immediately a review on a priority basis of the claims of those persons whose benefits were discontinued on the basis of medical factors on or after April 28, 1983.

3. Based on that review, the defendant and her agents will identify and notify all class members that their claim for benefits is being reviewed, that the decision to terminate their benefits may have been in error and that the Social Security Administration may be asking for additional evidence relating to the impairment; that if the Social Security Administration determines that the termination decision was in error, the claimant will be entitled to back benefits from the date of the wrongful termination, and that if the decision is still unfavorable they have the right to appeal to the next appropriate administrative or judicial level.

4. The defendant and her agents shall provide to plaintiffs' counsel, not later than 90 days from the date of this order, a progress report which describes the number of claimants identified and notified as class members, and the status of each case within the review process. That progress report shall be updated every ninety days until December 31, 1984.

5. The defendant, in reevaluating class members' claims, shall apply the standards set forth in *Doe v. Heckler*, 576 F.Supp. 463 (D.Md.1983).

Accordingly, it is this 15th day of February, 1984, by the United States District Court for the District of Maryland, ORDERED:

1) That the plaintiffs' motion to alter or amend the judgment is GRANTED as modified herein.

2) That the Clerk shall mail a copy of this Memorandum and Order to counsel for the parties.